```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

JOHN S. WOODS,                     §
                                   §
          Plaintiff,               §
                                   §
v.                                 §     CIVIL ACTION NO. 4:09-3805
                                   §
LOUIS M. VOLPINI, Individually     §
and d/b/a OCEAN FINANCIAL          §
SERVICES,                          §
                                   §
          Defendant.               §
```

MEMORANDUM AND ORDER

Pending is Defendant Louis M. Volpini's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or Alternatively to Transfer Venue (Document No. 7). After reviewing the motion, response, and the applicable law, the Court concludes as follows.

I. Background

This suit involves a dispute over money that Plaintiff invested in Defendant's medical collections business--Ocean Financial Services ("OFS"). Plaintiff, a Texas resident, met Defendant, a California resident, in California "through a mutual acquaintance" in early 2008, whereupon Defendant "represented that he was seeking investors for his profitable and successful medical collection firm."[1] Plaintiff did not elect to invest in

---

[1] Document No. 19, ¶¶ 10, 16 (Plaintiff's First Amended Complaint).

Defendant's company at that time, but alleges that, subsequent to Plaintiff's return to Houston, Defendant emailed and called him multiple times to "convince Plaintiff to reconsider and invest in the business venture."[2]  Plaintiff agreed to an initial $150,000 investment in or around November 2008, followed by an additional $250,000 one month later.[3]  He alleges that Defendant "promised Plaintiff $100,000.00, as a return on the entire investment," and "represented that Plaintiff could request the return of his funds at any time and that he would return the funds expeditiously."[4]

Plaintiff asserts that in early January 2009, he requested the return of his $400,000 investment and the additional $100,000 due to representations made by Defendant "that proved to be false."[5] Defendant acknowledged the request on February 13, 2009, and agreed to return the funds no later than February 20, 2009.[6]  According to Plaintiff, however, Defendant has yet to return the funds.[7]

According to Defendant, on the other hand, Plaintiff made four requests for the return of his investment in order to make other

---

[2] Id. ¶ 18.

[3] Id. ¶¶ 23-24.

[4] Id. ¶¶ 21-25.

[5] Id. ¶ 28.

[6] Id. ¶ 29.

[7] Id. ¶ 31.

purchases or investments throughout March and April of 2009.[8] Plaintiff rescinded the first three of these requests days after each was made.[9] Plaintiff made the fourth request to make another investment--in Healthwarehouseinc.com--and directed that Defendant pay the money to a third party, Jeff Borer.[10] Plaintiff then allegedly demanded that Defendant not pay Borer, despite an agreement signed by Plaintiff that Borer presented to Defendant directing release of the funds to Borer.[11] Confronted with the apparently conflicting claims to the money, Defendant "reinvested the funds and earmarked each dollar for disbursement once title to the funds was clarified."[12]

Plaintiff has asserted claims for: breach of contract; liability under the Texas Theft Liability Act; Fraud and Misrepresentation; and Conversion. Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or for dismissal under Rule 12(b)(3) for improper venue. In the alternative, Defendant requests that the case be transferred to the Central District of California for the

---

[8] Document No. 8 at 14 (Volpini Affidavit).

[9] Id.

[10] Id.

[11] Id.

[12] Id. at 15.

convenience of parties and witnesses, and in the interest of justice.  *See* 28 U.S.C. § 1404(a).

## II. Discussion

### A. Personal Jurisdiction

#### 1. Standard

A federal court may exercise personal jurisdiction over a nonresident defendant if:  (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution.  *See* Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. Id.

This due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945).  Two types of personal jurisdiction are recognized: (1) specific and (2) general.  Specific jurisdiction exists when the cause of action relates to or arises out of the

4

defendant's contacts with the forum.  *See* Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S. Ct. 1868, 1872 n.8 (1984). Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum.  *See* id. at 1872-73.

When an evidentiary hearing on the question of personal jurisdiction is not conducted, the party seeking to establish jurisdiction bears the burden of presenting a *prima facie* case of personal jurisdiction.  *See* Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999).  Proof by a preponderance of the evidence is not required.  Kelly v. Syria Shell Petro. Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000).  A plaintiff may present a *prima facie* case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction. *See* WNS, Inc. v. Farrow, 884 F.2d 200, 203-04 (5th Cir. 1989). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be construed in the plaintiff's favor.  *See* Alpine View, 205 F.3d at 215.

2.   Minimum Contacts and Due Process

Plaintiff contends that Defendant is subject to specific personal jurisdiction because Defendant directed "various

5

misrepresentations" to Plaintiff in Texas.[13] "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Lewis v. Fresne, 252 F.3d 352, 358-59 (5th Cir. 2001) (citing Brown v. Flowers Indus., 688 F.2d 328, 332-33 (5th Cir. 1982)).  For example, in Brown, the Fifth Circuit held that a single telephone call initiated by the out-of-state defendant, and which was alleged to constitute a tort, was sufficient to confer personal jurisdiction.  688 F.2d at 331-33; *see also* Wien Air, 195 F.3d at 213 ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.").

Here, Plaintiff's First Amended Complaint asserts a claim of "Fraud and Misrepresentation" against Defendant, in which Plaintiff alleges that Defendant "made material false representations to induce Plaintiff to act upon his representations," and that Defendant "knew the representations were false."[14]  As noted above, Plaintiff alleges that Defendant directed email and phone communications to him in Houston, that Defendant promised a return on the investment, and that Defendant represented that he would return the funds upon request.[15]  Despite Plaintiff's request for the return of his funds in January 2009, Defendant has yet to

---

[13] Document No. 9 at 7.

[14] Document No. 19 ¶¶ 55-56.

[15] Id. ¶¶ 18-21.

return the funds.[16] These allegations, which are not controverted and must be accepted as true, establish a *prima facie* case for this Court's assertion of personal jurisdiction over Defendant, because Plaintiff's cause of action for "Fraud and Misrepresentation" arises from Defendant's communication directed to Plaintiff in Texas that the investment would be returned upon request. *See, e.g.*, Lewis, 252 F.3d at 359 (defendant's failure to correct another's allegedly false statements in phone call with plaintiff conferred personal jurisdiction where plaintiff claimed that defendants intentionally defrauded him based upon the contents of that phone call).

Moreover, to require Defendant to litigate this case in Texas would not offend traditional notions of fair play and substantial justice. Defendant asserts that its burden from litigating in Texas would be considerable and that Texas has no particular interest in adjudication of this case.[17] "To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a 'compelling case' against it." Wien Air, 195 F.3d at 215 (quoting Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2185 (1985)). Defendant has not carried this burden. *See* Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 245 (5th Cir. 2008) ("We have held

---

[16] Id. ¶¶ 28-29, 31.

[17] Document No. 7 at 8.

that in a case like this, where a cause of action for fraud committed against a resident of the forum is directly related to the tortious activities giving rise to personal jurisdiction, the exercise of that jurisdiction will be considered fair." (citing Wien Air, 195 F.3d at 215)).

B.  Dismissal for Improper Venue

Defendant also asserts that this action should be dismissed for improper venue because: "none of the events complained of . . . occurred in Texas"; none of Plaintiff's money was invested in Texas, nor was it ever intended to be invested in Texas; none of the money is located in Texas; "with the exception of Plaintiff, every witness with knowledge of how Plaintiff's money was invested resides in California"; and the action could have been brought in the Central District of California.[18]  The general venue statute provides, among other things, for venue in a diversity action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2).

As the Court explained above, Plaintiff has established a *prima facie* case that his fraud and misrepresentation claim arises from Defendant's communication to Plaintiff in Houston; the

---

[18] Document No. 7 at 9 (citing 28 U.S.C. § 1391).

Southern District of Texas is therefore a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Defendant's request to dismiss for improper venue under 28 U.S.C. § 1391(a) will therefore be denied. *See, e.g.*, Fowler v. Broussard, No. 3-00-CV-1878-D, 2001 WL 184237, at *5 (N.D. Tex. Jan. 22, 2001) (denying motion to dismiss or transfer due to improper venue where defendants' communications directed to the forum formed the basis for plaintiff's claims, thereby making a *prima facie* case of personal jurisdiction); *see also* Phoenix Mining & Mineral, L.L.C. v. Treasury Oil Corp., No. 5:06-cv-58, 2007 WL 951866, at *1-*2, *9 (S.D. Tex. March 28, 2007) (venue proper in Southern District of Texas when "some" of defendants' allegedly fraudulent communications were directed to the Southern District); Sacody Techs., Inc. v. Avant, Inc., 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994) ("The standard set forth in § 1391(a)(2) may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action.").

C.  1404(a) Transfer

Defendant also moves to transfer venue to the Central District of California "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is "to prevent the waste of time, energy, and money

9

and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." <u>DataTreasury Corp. v. First Data Corp.</u>, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003) (citations omitted); *see also* <u>Spiegelberg v. Collegiate Licensing Co.</u>, 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005). The transfer of an action under section 1404 is committed to the sound discretion of the district court. <u>Jarvis Christian Coll. v. Exxon Corp.</u>, 845 F.2d 523, 528 (5th Cir. 1988).

Under section 1404(a), the movant bears the burden of showing "good cause" to transfer venue. <u>In re Volkswagen of Am., Inc.</u> ("<u>Volkswagen II</u>"), 545 F.3d 304, 315 (5th Cir. 2008). "When the movant demonstrates that the transferee venue is clearly more convenient . . . it has shown good cause and the district court should therefore grant the transfer." <u>Id.</u> However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." <u>Id.</u> A court should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." <u>Spiegelberg</u>, 402 F. Supp. 2d at 789 (quoting <u>Goodman Co., L.P. v. A & H Supply, Inc.</u>, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005)).

The threshold issue under section 1404(a) is whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought. <u>In re Volkswagen AG</u> ("<u>Volkswagen I</u>"),

10

371 F.3d 201, 203 (5th Cir. 2004) (citing In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003)).  Here, Plaintiff does not dispute that this action could have been brought in the Central District of California.  The Court therefore proceeds to the section 1404(a) balancing factors.

Whether to transfer a case under section 1404(a) "turns on a number of private and public interest factors, none of which are given dispositive weight." Id.  These concerns include: (1) the convenience of parties and witnesses; (2) the cost of obtaining attendance of witnesses and other trial expenses; (3) the availability of compulsory process; (4) the relative ease of access to sources of proof; (5) the place of the alleged wrong; (6) the plaintiff's choice of forum; (7) administrative difficulties flowing from court congestion; (8) the local interest in having localized interests decided at home; (9) the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary conflict of law problems; and (10) the interests of justice in general.  *See* id. (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n.6 (1981)); *see also* Spiegelberg, 402 F. Supp. 2d at 789-90; Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1165 (S.D. Tex. 1994); DataTreasury, 243 F. Supp. 2d at 593.

Defendant has failed to carry his burden to justify transfer under section 1404(a).  Most of his arguments rely primarily on the

11

conclusory assertion that "other than the Plaintiff himself, witnesses for all parties are located in California."[19] However, Defendant identifies no particular witnesses other than himself and Plaintiff, thus failing to carry his burden regarding the first three factors. *See, e.g.*, Evol, Inc. v. Supplement Servs, LLC, No. 3:09-CV-1839-O, 2010 WL 972250, at *3-*4 (N.D. Tex. Feb. 28, 2010) (finding transfer factors relating to witnesses neutral where no witnesses were identified). Moreover, travel to California would be just as inconvenient to Plaintiff as travel to Texas is to Defendant; transfer would thus have the effect of shifting "inconvenience from the moving party to the nonmoving party." Spiegelberg, 402 F. Supp. 2d at 789.

The relative ease of access to sources of proof is neutral-- Defendant only alleges that California has easier access to sources of proof because this suit "arose out of Plaintiff's business transactions in California."[20] Defendant fails to specify what documents would be relevant to this case, nor does he disclose their number or location, thus failing to carry his burden on this factor, as well. *See* Evol, Inc., 2010 WL 972250, at *2 (holding this factor neutral where movant made no showing of number and volume of documents, and thus "failed to show that the amount of documents and their location would impose a hardship upon the

---

[19] Document No. 7 at 11.

[20] Document No. 7 at 12.

12

parties"). Moreover, while the record indicates some oral negotiations took place in California between Plaintiff and Defendant, Defendant also directed email and telephone communications to Plaintiff in Texas, as discussed above. Thus, on balance, there is no showing that access to proof would necessarily be more convenient in California. Defendant makes no showing regarding the other factors. Accordingly, after having weighed the several factors and having considered the deference that otherwise should be given to Plaintiff's choice of forum, Defendant's request to transfer will be denied.

### III.  Order

Based on the foregoing, it is

ORDERED that Defendant Louis M. Volpini's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or Alternatively to Transfer Venue (Document No. 7) is DENIED.

The clerk shall notify all parties and provide them with a true copy of this Order.

Signed at Houston, Texas on this 15th day of June, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE